IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

EDDIE S. WATKINS                                                    PETITIONER

v.                              Civil No. 6:11-cv-6005

RAY HOBBS, Director,
Arkansas Department of Corrections                                 RESPONDENT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, EDDIE S. WATKINS, (hereinafter "Petitioner") an inmate confined in the

Arkansas Department of Corrections, filed this Petition for Writ of *Habeas Corpus*[1] pursuant to 28

U.S.C. § 2254.  The Respondent, RAY HOBBS, (hereinafter "Respondent") has filed his response.

ECF No. 21.  The matter has been referred for findings of fact, conclusions of law and

recommendations for the disposition of the case.

### I.  Background:

On September 27, 2010, Petitioner entered a plea of guilty to twenty-four (24) counts of

forgery in the Circuit Court of Hot Spring County, Arkansas.  He also pled guilty to being a habitual

offender under Arkansas law, with at least four prior felony convictions.     The judgment and

commitment orders from the state court were entered on October 1, 2010.  ECF No. 21-1.  He was

sentenced to a total of 420 months incarceration in the Arkansas Department of Corrections and a

fine of $1,000.00.

On January 27, 2011, Petitioner filed the instant Petition in this case.  ECF No. 1.

---

[1]Petitioner has filed an original Petition (ECF No. 1), an Amended Petition (ECF No. 12), and a
Supplement (ECF No. 13).   Because of the Court's Order of January 24, 2012, directing Petitioner to file an
Amended Petition, this Court will only consider the Amended Petition and the Supplement as being properly
before the Court.

Thereafter, Petitioner filed his Motion to Stay or in the alternative dismiss without prejudice the Petition to allow him to exhaust his available state court remedies.  ECF No. 6.  This Motion was granted on May 5, 2011, and the Petition was dismissed without prejudice.  ECF No. 9.

Thereafter, on March 25, 2011, Petitioner filed his petition, pursuant ARK. R. CRIM. P. Rule 37, seeking relief in state court from his criminal conviction and sentence.  On April 20, 2011, the state court held a hearing on Petitioner's Rule 37 petition.  The state court entered its order on April 26, 2011 dismissing the Rule 37 petition as untimely, finding "the Rule 37 petition was filed on 3-27-2010 which was well beyond the 90 day limitation for filing set forth by Rule 37.2(c).  The petitioner agrees that the filing was not timely."  ECF No. 21-4.

Petitioner appealed the dismissal by the state court.  On November 17, 2011, the Arkansas Supreme Court, by letter, granted the State of Arkansas's motion to dismiss.  ECF No. 21-5.

**II.  The Instant Petition:**

On November 30, 2011, Petitioner moved the Court to reopen his case and allow him to proceed with his federal *habeas corpus* case, alleging he had now exhausted all state court remedies.  ECF No. 10.   The Court granted this Motion on January 24, 2012 and ordered the case reopened.  Petitioner was ordered to file an Amended Petition on or before February 17, 2012, restating his claims and specifically setting forth his exhaustion of state court remedies.   ECF No. 11.

Petitioner filed an Amended Petition on March 8, 2012 (ECF No. 12), and then filed a Supplement on July 11, 2012 (ECF No. 13).  This Amended Petition was not filed timely pursuant to the Court's Order reopening the case.  The Amended Petition appears to be simply a copy of a Brief prepared for filing in the Arkansas Supreme Court.

In the Amended Petition he makes 4 claims:  (1) the state court lacked territorial jurisdiction to accept his plea of guilty as two of the acts he pled guilty to occurred in Garland County, rather

than Hot Spring County, Arkansas; (2) he was provided ineffective assistance of counsel in that he did not get along with one of his public defenders, was not informed of the date for his change of plea, argued constantly with this public defender, had a conflict with the other public defender assigned to his case because he testified against one of her clients in a prior case, and was not given a change of venue because of the judge's bias; (3) his state Rule 37 petition should have been considered timely by the state court; and (4) his sentence was illegal under Arkansas law because it was outside the sentencing grid.

In his Supplement to the Amended Petition filed July 11, 2012, Petitioner admits he was guilty of second degree forgery, but he reiterated the acts occurred in Garland County rather than Hot Spring County.  He also alleges that law enforcement did not investigate the case properly to determine where the actual forgeries occurred.  Petitioner also gave more detail about his conduct which led to his forgery conviction in the Supplement.

The Respondent filed an Answer to the Amended Petition and Supplement on August 27, 2012.  ECF No. 21.  The Respondent first asserts the instant Petition is untimely under federal law. In the alternative, Respondent asserts the first claim of the Amended Petition, the territorial jurisdiction claim, is purely a state law claim and thus not cognizable in a federal *habeas* proceeding. The Respondent makes the same argument regarding the third and fourth claims, namely they are purely state law claims and not cognizable in federal court.  Finally, Respondent asserts that claims two, three, and four are all procedurally defaulted.  The Court will address each of these issues below.

**III.  Discussion:**

    **A.  The Amended Petition**:  The first question the Court must address is the effect of the

reopening of this case and the filing of the Amended Petition (ECF No. 12).   As noted above, the

case was dismissed without prejudice May 5, 2011, on Petitioner's motion to stay or in the alterative

dismiss without prejudice to allow him to exhaust state court remedies.   On November 30, 2011,

Petitioner filed his motion to reopen the case.   This motion was filed within one year of the order

of dismissal and reopening the case was permissible pursuant to FED. R. CIV. P. 60(b)(6), as the

original dismissal was at Petitioner's request and there is no prejudice to the Respondent.   In the

Order granting the request to reopen the case, Petitioner was directed to file an amended petition

"restating his claims and specifically setting forth his exhaustion of state court remedies." ECF No.

11. On March 8, 2012, Petitioner filed an Amended Complaint as directed.  However, he added an

entirely new unexhausted claim[2] and failed to set forth his exhaustion of state court remedies as

ordered.   ECF No. 12.[3]

An important and related question is whether the Amended Petition in this case relates back

to the date of the original Petition being filed.  In a very similar situation, the United States Court

of Appeals for the Eighth Circuit has held that an amended *habeas corpus* petition does not relate

back to the date of the original petition which was dismissed without prejudice because it contained

claims not fully exhausted in state court.   *See White v. Dingle*, 616 F.3d 844, 847 (8th Cir.

2010)(original petition dismissed because it contained both exhausted and unexhausted claims).

"Theoretically, there is nothing to which such an amendment can relate back, because the dismissed

--------

[2]Petitioner filed a state post-conviction petition regarding this unexhausted claim after he filed the Amended Petition.  That state petition was denied and is now pending appeal to the Arkansas Supreme Court.

[3]This is not a situation like that in *Rhines v. Weber*, 544 U.S. 269 (2005), which involved a petition with both exhausted and unexhausted claims.  In *Rhines,* the Supreme Court held the district court should "allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims." *Id*. At 278.  The Original Petition in the instant case contained entirely unexhausted claims and could have been dismissed by the Court without Petitioner's request to stay or dismiss being filed.

petition is no longer pending. From a technical standpoint, the original petition no longer exists and it is as if the original petition had never been filed." *Id.*  Accordingly, the filing of the Amended Petition in the instant case does not relate back to the date of the filing of the Original Petition.  The Court must now consider the defenses raised by Respondent to the claims of the Amended Petition.

**B.  One-year Statute of Limitations**:  On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA") was signed into law.  The law made several changes to the federal *habeas corpus* statutes, including the addition of a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1).  The AEPDA provides that the one-year limitations period shall run from the latest of four possible situations.  Section 2244(d)(1)(A) specifies that the limitations period shall run from the date a judgment becomes final by the conclusion of direct review or the expiration of the time for seeking such review.  Section 2244(d)(1)(B) specifies that the limitations period shall run from the date an impediment to filing created by the State is removed.  Section 2244(d)(1)(C) specifies that the limitations period shall run from the date in which a constitutional right has been initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review.  Section 2244(d)(1)(D) states that the limitation period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

Section 2244(d)(2) also provides that the time during which a "properly filed application" for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation.  The United States Court of Appeals for the Eighth Circuit has also held that "the one-year period is equitably tolled when 'extraordinary circumstances' have made it impossible for the habeas petitioner to file a timely federal petition."

–5–

*Gray v. Gammon*, 283 F.3d 917, 918 (8th Cir. 2002).  A pending federal action seeking post-conviction or collateral relief does not act to toll the running of the statute of limitations.  *See Duncan v. Walker*, 533 U.S. 167, 181 (2001).

 The relevant triggering date for the one-year statute of limitations in the instant case is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. §2244(d)(1)(A).  The Eighth Circuit has held that running of the statute of limitations imposed by §2244(d)(1)(A) is triggered by:

> either (i) the conclusion of all direct criminal appeals in the state system, followed by either the completion or denial of certiorari proceedings before the United States Supreme Court; or (ii) if certiorari was not sought, then by the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition for the writ.

*Nichols v. Bowersox*, 172 F.3d 1068, 1072 (8th Cir. 1999) quoting *Smith v. Bowersox*, 159 F.3d 345, 348 (8th Cir. 1998).   The United States Supreme Court has recently addressed this provision as it relates to a state court conviction.

> For petitioners who pursue direct review all the way to this Court, the judgment becomes final at the "conclusion of direct review"—when this Court affirms a conviction on the merits or denies a petition for certiorari. For all other petitioners, the judgment becomes final at the "expiration of the time for seeking such review"—when the time for pursuing direct review in this Court, or in state court, expires. We thus agree with the Court of Appeals that because Gonzalez did not appeal to the State's highest court, his judgment became final when his time for seeking review with the State's highest court expired.

*Gonzales v Thaler*, ___ U.S._____, 132 S.Ct. 641, 653-54 (2012).  In other words, where a state prisoner does not seek a writ of *certiorari* to the United States Supreme Court his conviction becomes final when the time for pursuing his state court direct appeal expires.  In Arkansas, a defendant convicted of a criminal offense has thirty (30) days to file his notice of appeal.  *See*

ARK.R.APP.P.–CRIM. 2(a).   Further, a defendant in Arkansas who enters a plea of guilty cannot appeal his conviction.   *See* ARK.R.APP.P.–CRIM. 1(a).

　　**1. Timeliness of the Amended Petition**:  In this case, Petitioner entered a plea of guilty and could not appeal his conviction to the appellate courts of Arkansas.   His conviction thus became final for purposes of §2244(d) on October 1, 2010, the day the judgment and commitment order was entered by the state court.   Accordingly, Petitioner had one-year, or until September 30, 2011, in which to file his petition seeking federal *habeas corpus* relief.

　　Petitioner filed his first Petition for federal habeas corpus relief on January 27, 2011, well within the one-year statute of limitations period.   Thereafter, he moved to stay or dismiss that petition pending his exhaustion of state court remedies.   The Court dismissed his initial Petition without prejudice to refiling.   Petitioner requested the case be reopened on November, 30 2011, and the Court granted that request ordering him to file an Amended Petition.   He did so on March 8, 2012.   As noted above, the Amended Petition does not relate back to the filing of the Original Petition. *See White*, 616 F.3d at 847.   Therefore, the date of filing the live petition in this matter is March 8, 2012, which is well beyond the September 30, 2011 deadline imposed by § 2244(d).   This Amended Petition is therefore barred by the statute of limitations unless some tolling provision applies.

　　**2.  Statutory Tolling of the Limitations Period**:  Section 2244(d)(2) tolls the running of the one-year statute of limitations during the time a "properly filed application" is pending before the state courts.   In this case, Petitioner filed his first state petition for post-conviction relief on March 25, 2011.   The state court ruled on April 26, 2011 that such petition was untimely and dismissed it.   The Arkansas Supreme Court affirmed that dismissal on November 17, 2011.

–7–

The United States Supreme Court has addressed the precise issue presented here and determined that "[w]hen a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005).    The Eighth Circuit has followed *Pace*, holding that an untimely filed Rule 37 petition in Arkansas state court did not toll the AEDPA's one-year statute of limitations. *See Walker v. Norris*, 436 F.3d 1026, 1032 (8th Cir. 2006)("We hold Walker did not properly file his Rule 37 petition within the meaning of section 2244(d)(2), and accordingly, Walker's Rule 37 petition did not toll the AEDPA's one-year statute of limitations."). Therefore § 2244(d)(2) is inapplicable to the Amended Petition in this case.

**3.  Equitable Tolling of the One-Year Limitation Period**:   While Petitioner does not expressly raise the issue of equitable tolling of the one-year statute of limitations, the Court will address the issue.  The United States Supreme court has held that the one-year statute of limitations in § 2244(d) is subject to the doctrine of equitable tolling.  *See Holland v Florida*, ___ U.S. ___, 130 S.Ct. 2549, 2560 (2010).   However, equitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time. *See Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001),  *see, e.g., Cross-Bey v. Gammon*, 322 F.3d 1012, 1015 (8th Cir. 2003), *quoting Flanders v. Graves*, 299 F.3d 974, 976 (8th Cir. 2002), *cert. denied*, 537 U.S. 1236 (2003)("[A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes.").  "'Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.' Equitable tolling is 'an exceedingly narrow window of relief.'"    *Riddle v. Kemna,* 523 F.3d 850, 857  (8th Cir. 2008)(citations omitted).

Here, Petitioner raises no "extraordinary" circumstances.   In fact, the record shows that at all times relevant to his state post-conviction proceeding, Petitioner was in control of the circumstances of his case.   He was aware of the rulings of the state courts.   He was aware of the requirement to exhaust his state court remedies before proceeding in federal court.   He was aware of the ninety (90) day limitation on seeking state post-conviction relief.   He does not assert that some circumstance beyond his control made it impossible to file the instant Amended Petition before the expiration of the one-year limitation period.

The Court is aware that Petitioner attempted to go back to state court to pursue his state post-conviction remedies and that his effort was dismissed as untimely.   However, Petitioner states he "was aware of the (90) days to appeal or file the Rule 37.1" petition at all times following his conviction.   ECF No. 12, p. 5.   He asserts he could not file such petition timely because there was no law library at the Hot Spring County Jail.   Lack of a law library did not prohibit Petitioner from filing his state petition in a timely manner.   He alleges no state-created impediment to his being able to timely file either the state or federal petitions for post-conviction relief.   Accordingly, equitable tolling is inapplicable in this case.   The Amended Petition filed in this case was filed on March 8, 2012.   The one-year statute of limitations expired on September 30, 2011, and this petition is time barred.[4]

Even if the Court were to assume the Amended Petition related back to the date of the filing of the Original Petition, the defenses raised by the Respondent warrant dismissal of the instant case. The Court will briefly address the merits of each of these claims.

---

[4]If the Court assumes the effective date of filing the Amended Petition is the date Petitioner sought to reopen this case, November 30, 2011, his Amended Petition would be still be untimely.

    **C. State Court's Territorial Jurisdiction**: The first claim in the Amended Petition is that the state court lacked geographic jurisdiction over his case.   Petitioner was charged with forgery in the Circuit Court of Hot Spring County, Arkansas.  In addition to his guilty plea before that court, he admits in his Amended Petition and Supplement that he committed the crime of forgery.  He sets out in some detail the manner in which he committed the crime.  For example, he states "there was no disputing my guilty[sic] of Forgery in the second degree."  ECF No. 13, p. 1.  He claims he never "possessed, cashed, stolen any checks" in Hot Spring County.  ECF No. 13, p. 2.  Petitioner obtained the account numbers and routing numbers for the checking account at issue while in Hot Spring County.  ECF No. 13, p. 3.  He also admits making fraudulent checks with a check printing kit using the account and routing numbers he had taken in Hot Spring County.  ECF No. 13, p. 4.  He admits being arrested in Hot Spring County with blank checks and the check printing kit.  ECF No. 13, p. 4.

    Respondent asserts this claim is purely a state law venue claim and not cognizable in a federal *habeas* action.   Petitioner frames the issue in terms of "jurisdiction."   The Arkansas circuit courts clearly have jurisdiction over felony criminal matters.  The Respondent is correct in that the real issue here is one of venue, a state law issue.   "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v McGuire*, 502 U.S. 62, 68 (1991).  A question of the proper county for venue in a state criminal proceeding is a state law question and does not create a federal constitutional issue.

    Further, as set out above, Petitioner in his pleadings in this Court admit at least part of his

criminal conduct occurred in Hot Spring County, the county of conviction in the underlying criminal case. Arkansas law provides that where a criminal offence is committed in more than one county, either county has proper "jurisdiction." *See* ARK CODE ANN. § 16-88-108(c). This claim has no merit and should be denied.[5]

**D. Ineffective Assistance of Counsel**: The second claim of the Amended Petition is a multifaceted claim of ineffective assistance of counsel. The Respondent asserts this claim has been procedurally defaulted.

A federal court is precluded from considering a *habeas corpus* claim that a "state court has disposed of on independent and adequate non-federal grounds, including state procedural grounds." *Clemons v. Luebbers*, 381 F.3d 744, 750 (8th Cir. 2004), *citing Reagan v. Norris*, 279 F.3d 651, 656 (8th Cir.2002). A state prisoner is procedurally barred from proceeding in federal court when he violates a state procedural rule that independently and adequately bars direct review of the claim. *See id.*

If a state prisoner can show "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice[6]," then he overcomes the procedural bar and may proceed in a federal *habeas corpus* action. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). "In other words, a state prisoner who fails to satisfy state procedural requirements forfeits his right to present his

---

[5]While the Respondent did not raise the issue of procedural bar regarding the claim of lack of territorial jurisdiction, it appears the Petitioner is also procedurally barred in rasing this claim. The claim is not exhausted and in fact is still pending in state court. Also, it appears the claim was dismissed at the state trial level as untimely, thus, the state court has not ruled on its merits.

[6]To demonstrate a fundamental miscarriage of justice a petitioner must show his actual innocence of the charges. *See Sawyer v. Whitely*, 505 U.S. 333, 339 (1992).

federal claim through a federal *habeas corpus* petition, unless he can meet strict cause and prejudice or actual innocence standards." *Clemons*, 381 F.3d at 750.  Further, to demonstrate procedural bar prejudice, a state prisoner "'must shoulder the burden of showing, not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Armstrong v. Kemna*, 590 F.3d 592, 606 (8ᵗʰ Cir. 2010*) cert. denied*, 130 S. Ct. 3369, 176 L. Ed. 2d 1257 (2010) *quoting United States v. Frady*, 456 U.S. 152, 170 (1982).

The state of Arkansas has a procedural rule requiring that all post-conviction petitions for collateral relief be filed within ninety (90) days of the conviction being final.  *See* ARK. R. CRIM. P. 37.2(c).  Petitioner has admitted to this Court he knew of this ninety (90) day rule.  ECF No. 12, p. 5.  His attempt to have his claims reviewed by the state courts was dismissed for failure to follow state procedure.  He claims no action by the state which prevented him from filing his state petition for post-conviction relief.   He has failed to show cause for his procedural default, and this claim should be denied.  Because Petitioner can not show cause for his default, the Court need not address the prejudice prong of the analysis.[7]

**E.  Timeliness of the Rule 37 Petition**: The third claim of the Amended Petition asserts the state court should have ruled on his Rule 37 petition's merits rather than disposing of it procedural grounds.  In support of this assertion, he claims the state court's grant of a hearing on that motion in some way obligated it to rule on the merits of his claims.   Respondent asserts this is entirely a state law claim and not cognizable in a federal *habeas* proceeding.  Alternatively, Respondent asserts

---

[7]Petitioner would not be able to show prejudice or actual innocence in this case in any event as he readily admits his guilt in his pleadings in this Court.

procedural bar to this claim.

For the same reason discussed above, the Court finds the third claim of the Amended Petition to be solely a state law claim and further to be procedurally barred.  This claim should be denied.

**G.  Sentence Imposed**: The fourth claim of the Amended Petition asserts the state court erred in sentencing him without following Arkansas's presumptive sentencing standards codified at ARK. CODE ANN. § 16-90-803.   The Respondent asserts the sentencing standards are not applicable in this case and alternatively the claim is procedurally defaulted.

For the reasons stated above, the Court also finds the fourth claim to be procedurally barred. This claim was not considered on the merits by the state courts because of Petitioner's default of state procedural rules in not timely filing his Rule 37 petition in state court.

## IV.  Recommendation:

Accordingly, based on the foregoing, it is recommended the Petitioner's Amended Petition for *Habeas Corpus* Relief (ECF No. 12) and Supplemental Petition (ECF No. 13) be **DENIED**, and this case be dismissed with prejudice.

**The parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

**DATED** this **4th day of October 2012.**

  /s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE